UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WALTER G. FIGUEROA,

        Petitioner,

    v.                                   22-CV-293-LJV
                                               DECISION & ORDER

THE STATE OF NEW YORK, COUNTY
OF MONROE,

        Respondent.

_____

On April 18, 2022, the *pro se* petitioner, Walter G. Figueroa, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. The petition alleges that Figueroa's conviction in Monroe County Court was unconstitutionally obtained because his guilty plea was not knowing and voluntary and the trial court misrepresented the "actual allowable sentence" that he faced. *See id.* Figueroa also alleges that various pre-plea proceedings in his case violated federal and state statutory and constitutional law. *See id.*

Before the respondent answered the petition, Figueroa filed a "motion for relief pursuant to § 13:12, extraordinary circumstances," asking this Court to "grant [his] unconditional release[] with prejudice" and "bar any future litigation and[/]or prosecution." Docket Item 3. Figueroa also moved for discovery of various records and asked that he be released on bail pending resolution of his petition. *See id.* On July 5, 2022, the respondent responded to that motion, Docket Item 6, and Figueroa replied about two weeks later, Docket Item 7. In his reply, Figueroa also moved to

"strike [the respondent's] improper letter motion from the file of the case." *Id.* The respondent responded to Figueroa's second motion on July 25, 2022. Docket Item 9.

For the reasons that follow, Figueroa's motions, Docket Items 3 and 7, are denied.

## **FACTUAL BACKGROUND**[1]

On July 17, 2015, a Monroe County grand jury charged Figueroa with third-degree criminal possession of a controlled substance, attempted first- and third-degree criminal possession of a controlled substance, and second-degree criminal use of drug paraphernalia. Docket Item 19-3 at 2; Docket Item 19-4 at 35-38. Figueroa ultimately pleaded guilty in Monroe County Court to one count of attempted second-degree criminal possession of a controlled substance. *See* Docket Item 19-3 at 65-66. On July 19, 2016, he was sentenced to ten years' imprisonment followed by five years of post-release supervision. *See id.* at 76-77.

Figueroa appealed his conviction to the New York State Supreme Court, Appellate Division, Fourth Department, submitting both a brief through counsel and a *pro se* supplemental brief. *See* Docket Item 19-4 at 1-20, 179-204. On March 26, 2021, the Fourth Department affirmed Figueroa's conviction. *People v. Figueroa*, 192 A.D.3d 1655, 141 N.Y.S.3d 388 (4th Dep't 2021). The court first found that Figueroa had not validly waived his right to appeal under New York law and therefore addressed his claims. *See id.* at 1656, 141 N.Y.S.3d at 389. The court then rejected Figueroa's

---

[1] The following facts are taken from the state court record, *see* Docket Items 19-2, 19-3, 19-4, 19-5. Because this Court does not resolve the merits of Figueroa's claims at this time, it provides only a brief recitation of the facts underlying Figueroa's petition.

ineffective-assistance-of-counsel claim on the merits and "decline[d] to exercise [its] power" to review Figueroa's claim that his guilty plea was not knowing, voluntary, and intelligent because Figueroa had not preserved that claim for appeal.  *Id.* at 1656, 141 N.Y.S.3d at 389.  The court also "considered [Figueroa's] remaining contentions in his *pro se* supplemental brief[] and conclude[d] that none warrant[ed] modification or reversal of the judgment."  *Id.* at 1656, 141 N.Y.S.3d at 389 (italicization added).  The New York Court of Appeals denied leave to appeal about two months later.  *See People v. Figueroa*, 37 N.Y.3d 955, 170 N.E.3d 421 (2021).

In the meantime, Figueroa filed a *pro se* motion to withdraw his plea under New York Criminal Procedure Law § 440.10.  *See* Docket Item 19-5 at 26.  On October 28, 2021, the Monroe County Court denied Figueroa's motion.  *Id.* at 41-44.  Figueroa then sought leave to appeal, and the Fourth Department denied that request on April 15, 2022.  *Id.* at 7.  The New York Court of Appeals again denied leave to appeal on July 21, 2022.  Docket Item 15.

In his petition under 28 U.S.C. § 2254, Figueroa raises seven challenges to his conviction.  He says that his guilty plea was not knowing and voluntary because he did not "know the consequences of the guilty plea and waiver."  Docket Item 1 at 4.  He contends that the Monroe County Court "coerced [him]" into pleading guilty by "misrepresenting [the] actual allowable sentence" under state law.  *Id.* at 6.  And he challenges several aspects of his pre-plea proceedings, including the denial of his motion to suppress what was found during a search of his apartment building, the use of his cell phone to track him, the prosecution's "fail[ure] to properly turn over" affidavits,

and the prosecution's failure to properly seal communications that were intercepted under a warrant.[2]  See id. at 4-6.

## DISCUSSION

**I.     MOTION FOR RELIEF UNDER § 13:12**

In his "motion for relief pursuant to § 13:12, extraordinary circumstances," Figueroa argues that this Court should "grant [his] unconditional release[] with prejudice" and "should bar any future litigation and[/]or prosecution."  Docket Item 3 at 1, 9.  Although Figueroa does not say what statute or rule provides the basis for his motion under "§ 13:12," it appears that he is referring to section 13:12 of a treatise on federal habeas law.  See Brian R. Means, *Federal Habeas Manual* § 13:12.  That section, which is titled "Extraordinary Circumstances," notes that "[i]n extraordinary circumstances, the court may grant an unconditional release order, with or without prejudice to rearrest and retrial, even though the prosecution was itself not unconstitutional and the error determined by the federal court to warrant habeas relief is subject to correction."  See id.; see also Docket Item 3 at 8 (Figueroa's quoting that part of the Federal Habeas Manual).

Section 13:12 of the Federal Habeas Manual does not provide a basis for a motion for "unconditional release," and Figueroa does not point to any other possible grounds for such a motion.  And this Court will determine what remedy is warranted for Figueroa's claims under 28 U.S.C. § 2254—including, if appropriate, Figueroa's

---

[2] The respondent has answered the petition, Docket Item 19, and Figueroa may reply by January 5, 2023, Docket Item 24.

4

unconditional release—when it rules on the merits of his petition. Figueroa's motion for an unconditional release order therefore is denied without prejudice.

## II.     MOTION FOR BAIL

In his "motion for relief pursuant to § 13:12," Figueroa also requests "bail pending the decision and determination of [his] pending [petition]." Docket Item 3 at 1. When Figueroa filed his petition for a writ of habeas corpus, he was an inmate at the Orleans Correctional Facility ("Orleans"). See Docket Item 1. Shortly after he filed his motion for bail, Figueroa was released from Orleans. See Docket Item 14 (Figueroa's notifying this Court of his new residence at a private address). Figueroa's motion for bail therefore is denied as moot. See Livingston v. Annucci, 2021 WL 1091464, at *2 n.4 (N.D.N.Y. Mar. 22, 2021) ("[B]ecause [the petitioner] has been released to parole supervision, his request [for bail] is now moot.").

## III.    MOTION FOR DISCOVERY

Figueroa also requests discovery of various materials. Docket Item 3. More specifically, he "request[s] that the Court order and direct [the] respondent[] to produce and provide . . . all proceedings including [Figueroa's] arraignment," as well as "true and accurate records of the law enforcement files." Id. at 6. Figueroa also requests "the grand jury minutes" to "demonstrate the unconstitutional actions by law enforcement" and prosecutors and to show the ineffective performance of his defense attorney.[3]  See Docket Item 7 at 5; Docket Item 3 at 17-19.

---

[3] Figueroa's specific requests for a transcript of his arraignment, the "law enforcement files," and "the grand jury minutes," see Docket Item 3 at 6; Docket Item 7 at 5, are denied for the reasons stated below. To the extent that Figueroa generally requests discovery of other "relevant sought records," see Docket Item 7 at 5, that

5

Habeas petitioners are "not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, under Rule 6(a) of the Rules Governing Section 2254 Cases in the Federal District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause exists "where the specific factual allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908-09 (alterations omitted) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). "A petitioner bears a heavy burden in establishing a right to discovery," and "[g]eneralized statements are not sufficient to establish the requisite 'good cause.'" *Edward v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 364 (E.D.N.Y. 2013).

Figueroa moved for discovery and asked for a transcript of his arraignment before the respondent answered the petition. After Figueroa filed his motion, the respondent answered the petition and included a transcript of Figueroa's arraignment as part of the relevant state court record. *See* Docket Item 19-3. Figueroa's request for a transcript of his arraignment therefore is denied as moot.

The request for a copy of any "law enforcement files" also is denied. Figueroa does not say what in particular might be contained in these files that would "demonstrate that he is entitled to relief" on his habeas petition. *See Bracy*, 520 U.S. at 909 (alterations omitted). Instead, he generally asserts that his "claims are

---

request is denied because Figueroa has not pointed to other specific records that might support his petition. *See Johnson v. Conway*, 2010 WL 681259, at * 2 (W.D.N.Y. Feb. 22, 2010) ("Generalized statements about the possible existence of discovery material are insufficient to constitute 'good cause.'").

6

demonstrated by" some information that might be contained in some law enforcement file.  Docket Item 3 at 6.  "This is the sort of fishing expedition that discovery pursuant to Rule 6(a) does not permit."  *Thompson v. Superintendent, Sing Sing Corr. Facility*, 2022 WL 2193480, at *4 (E.D.N.Y. June 17, 2022) (collecting cases); *see also Armatullo v. Taylor*, 2005 WL 2386093, at *21 (S.D.N.Y. Sept. 28, 2005) ("[The petitioner's] personal belief that further discovery will yield evidence helpful to him is not enough to establish 'good cause' for granting his requests.").  For that reason, Figueroa's request for a copy of the "law enforcement files" is denied.

Finally, Figueroa's request for a copy of the grand jury transcript is denied.  Figueroa says that the grand jury proceedings in his case were "impaired" because, among other things, the prosecution did not inform the grand jury about Figueroa's possible defenses to the charges and did not flag alleged Fourth Amendment violations in the investigation and deficiencies in the law enforcement affidavits.  *See* Docket Item 3 at 17-25.  And Figueroa says that his first counsel was ineffective because counsel did not file a "proper motion to dismiss the indictment" challenging the deficiencies in the grand jury proceedings.  *Id.* at 17-18.

Generally, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[4]  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

---

[4] Although Figueroa cites various cases in support of his argument that he has not "forfeit[ed his] claim of a constitutional defect" that occurred prior to his guilty plea, *see* Docket Item 3 at 23, those cases are all state decisions and did not involve a petition under 28 U.S.C. § 2254.

7

Instead, a petitioner who has pleaded guilty may only "attack the voluntary and intelligent character of the guilty plea" itself.  *Id.*  "The focus of a federal habeas inquiry in a case involving a guilty plea" therefore "is the voluntariness of the plea, not the existence of an antecedent constitutional infirmity."  *Zimmerman v. Miller*, 2018 WL 11265121, at *13 (W.D.N.Y. Oct. 15, 2018) (alterations, citation, and internal quotation marks omitted).  What is more, "[c]laims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court."  *Davis v. Mantello*, 42 F. App'x 488, 490 (2d Cir. 2002) (summary order).

In light of all that, Figueroa has not shown how a copy of the grand jury transcript would help him "demonstrate that he is entitled to relief."  *See Bracy*, 520 U.S. at 909 (alterations omitted).  Because Figueroa's challenges to the grand jury proceedings appear to be barred on federal habeas review, *see Davis*, 42 F. App'x at 490, a copy of the transcript would not change Figueroa's entitlement to relief on any such claim.  And while Figueroa generally argues that the grand jury proceedings were deficient and that his counsel was ineffective for failing to challenge those proceedings, those arguments do not bear on whether his plea was knowing and voluntary.  *See, e.g.*, *Hayes v. Lee*, 2015 WL 5943677, at *32 (S.D.N.Y. Oct. 13, 2015) (finding that "ineffective assistance of counsel claims concerning events . . . that occurred prior to[] the entry of [the petitioner's] guilty plea that did not affect the voluntariness of the plea" were barred by subsequent guilty plea); *Cobb v. Unger*, 2013 WL 821179, at *5 (W.D.N.Y. Mar. 5, 2013) (finding that ineffective-assistance-of-counsel claims related to counsel's "fail[ure] to file pre-trial motions; fail[ure] to request *Brady* material; and fail[ure] to properly

investigate [the] case . . . involve[d] counsel's pre-plea actions and [did] not affect the voluntariness of the plea itself").

For all those reasons, Figueroa's motion for discovery is denied without prejudice.

### IV.     MOTION TO STRIKE

After the respondent opposed Figueroa's motion for bail and discovery, Docket Item 6, Figueroa moved to strike the respondent's opposition, Docket Item 7.  Figueroa says that the respondent "has not [] properly . . . served the petitioner with adequate notification of service and[/]or a simpl[e] declaration of service."  *Id.* at 4.  And Figueroa maintains that the respondent's filing "is not even properly titled or captioned."  *Id.* at 4.  Figueroa therefore requests that this Court "order[] and direct[] that [the respondent's] letter motion be stricken and quashed until properly filed."  *Id.*

When the respondent filed its opposition to Figueroa's motion on the docket, it also filed a certificate of service noting that the response was sent to Figueroa.  *See* Docket Item 6 at 4.  Although that certificate of service is not included in Figueroa's motion to strike, Figueroa did attach the entirety of the respondent's opposition brief to his motion.  *See* Docket Item 7 at 17-19.  So Figueroa received the respondent's opposition filing, and it therefore is not clear how he was prejudiced in any way by the respondent's failure to include an "adequate notification of service" or "simpl[e] declaration of service."  *Id.* at 4.  And there is no basis to strike the respondent's filing because it is "not [] properly titled or captioned under any opposition title."  *Id.*  For those reasons, Figueroa's motion to strike, Docket Item 7, is denied.

9

## **CONCLUSION**

For the reasons stated above, Figueroa's motions for unconditional release, discovery, and bail, Docket Item 3, as well as his motion to strike, Docket Item 7, are DENIED. As noted above, Figueroa may reply to the response to his petition no later than January 5, 2023.

SO ORDERED.

Dated:  December 14, 2022
        Buffalo, New York

                                         /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE